IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WC 1899 MCKINNEY AVENUE, LLC § <br> a Delaware Limited Liability Company, § <br>     *Plaintiff*, § <br> § <br> v. § <br> § <br> STK DALLAS, LLC, a Texas LLC; § <br> and THE ONE GROUP HOSPITALITY, § <br> INC., a Delaware corporation § <br>     *Defendants*. § | Civil Action No. 1:17-cv-00687 |

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

COMES NOW, Defendant The ONE Group Hospitality, Inc. ("ONE"), with the consent of defendant STK Dallas LLC ("STK"), (collectively "Defendants") and hereby files its notice of removal of the civil action, styled *WC 1899 McKinney Avenue v. STK Dallas, LLC & The ONE Group Hospitality, Inc.*, Case No. D-1-GN-17-002236, from the District Court of Travis County, Texas, 353rd Judicial District (the "State Court") to the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. §§, 1332, 1367, 1441, and 1446. Copies of all process, pleadings, and orders are filed with this Notice, pursuant to 28 U.S.C. § 1446(a). The following grounds support this Notice:

## I.
## BASIS OF REMOVAL

1. On May 22, 2017, Plaintiff WC 1899 McKinney Avenue, LLC ("WC") filed in the State Court its Original Petition and Request for Disclosure ("Original Petition") against Defendants. The State Court issued a Citation thereupon on May 23, 2017. True and correct copies of the Citation and the Original Petition and Request for Disclosure are attached collectively as Exhibit A hereto.

2.  As alleged by WC in Paragraph 3 of the Original Petition, WC is a Delaware limited liability company ("LLC"). Upon information and belief, WC's members consist of Natin Paul ("Mr. Paul"), a Texas resident, and 1899 McKinney Avenue MM LLC, a Delaware LLC, whose sole member is Mr. Paul, a Texas resident.

3.  In addition, WC alleges in Paragraphs 4 and 5 of the Original Petition that STK is a Texas LLC, authorized to conduct business in the State of Texas; and that ONE is a Delaware Corporation with its principal place of business in New York. Defendants agree with these statements. Additionally, ONE is the sole member of STK.

4.  WC's Original Petition asserts two causes of action, one for breach of contract against STK, and one for breach of guarantee against ONE. Original Petition, ¶¶ 34-37.

5.  In relation to the breach of contract claim, WC alleges that STK owes it not less than $661,025.31 in unpaid rent. Original Petition, ¶28. In relation to the breach of guaranty claim, WC alleges that ONE owes it $661,025.31. *Id.*

6.  On May 31, 2017 the State Court effectuated service of the Citation and the Original Petition and Request for Disclosure on STK. A copy of the STK *Service of Process Transmittal* is attached as Exhibit B hereto. May 31, 2017, is also the first date that STK received the Original Petition. ONE was not served until June 20, 2017. A copy of the ONE *Service of Process Transmittal* is attached as Exhibit C hereto. The deadline for ONE to notice its removal is 30 days after receipt of the Original Petition, 28 U.S.C. § 1446(b), or July 20, 2017. Thus, this notice is timely as to ONE and STK consents to removal by ONE.

7.  Attached hereto as Exhibit D is a copy of the Case Summary/Docket Sheet from the State Court Lawsuit.

8.  This Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity of

citizenship because this action is between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In this regard, upon information and belief, all members of WC reside in Texas. Also, ONE is a Delaware corporation with its principal place of business located in New York. Further, under Fifth Circuit law, the citizenship of a LLC is determined by the citizenship of all its members, not its state of organization. *Harvery v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). ONE is the only member of STK. Thus, complete diversity of citizenship exists between the parties as the Plaintiffs are all Texas parties and the Defendants are citizens of Delaware and New York. The amount in controversy also exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a). WC has specifically claimed damages of not less than $661,025.31, such that the sum demanded in the initial pleading establishes the amount in controversy. Original Petition, ¶28; *see also* 28 U.S.C. § 1446(c)(2).

9. The civil action is pending in the Texas State Court. Accordingly, under 28 U.S.C. §§ 85 and 1441(a), the United States District Court for the Western District of Texas is the proper forum for removal.

10. Pursuant to 28 U.S.C. § 1446(d), Defendants will file and serve on this same date a *Notice of Filing of Notice of Removal* with the Clerk of the State Court, which will include this Notice and its Exhibits.

11. In the State Court Lawsuit, Plaintiff is represented by the following attorney:

> Eric J. Taube, Esq.
> Waller Lansden Dortch & Davis, LLP
> 100 Congress Avenue, Suite 1800
> Austin, TX 78701
> Phone: (512) 685-6401
> Facsimile: (512) 685-6417
> Eric.Taube@wallerlaw.com

citizenship because this action is between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In this regard, upon information and belief, all members of WC reside in Texas. Also, ONE is a Delaware corporation with its principal place of business located in New York. Further, under Fifth Circuit law, the citizenship of a LLC is determined by the citizenship of all its members, not its state of organization. *Harvery v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). ONE is the only member of STK. Thus, complete diversity of citizenship exists between the parties as the Plaintiffs are all Texas parties and the Defendants are citizens of Delaware and New York. The amount in controversy also exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a). WC has specifically claimed damages of not less than $661,025.31, such that the sum demanded in the initial pleading establishes the amount in controversy. Original Petition, ¶28; *see also* 28 U.S.C. § 1446(c)(2).

9. The civil action is pending in the Texas State Court. Accordingly, under 28 U.S.C. §§ 85 and 1441(a), the United States District Court for the Western District of Texas is the proper forum for removal.

10. Pursuant to 28 U.S.C. § 1446(d), Defendants will file and serve on this same date a *Notice of Filing of Notice of Removal* with the Clerk of the State Court, which will include this Notice and its Exhibits.

11. In the State Court Lawsuit, Plaintiff is represented by the following attorney:

> Eric J. Taube, Esq.
> Waller Lansden Dortch & Davis, LLP
> 100 Congress Avenue, Suite 1800
> Austin, TX 78701
> Phone: (512) 685-6401
> Facsimile: (512) 685-6417
> Eric.Taube@wallerlaw.com

12. Subject hereto, Defendants do not waive its rights to file a motion to dismiss or motion to transfer venue at a later date.

WHEREFORE, ONE, with the consent of STK, removes this action from Travis County District Court, Texas to the United States District Court for the Western District of Texas.

Dated: July 19, 2017

Respectfully submitted,

/s/ Michael R. Goldman
Michael R. Goldman
State Bar No. 24025383
GOLDMAN LAW, PC
One Energy Square
4925 Greenville Avenue, Suite 200
Dallas, Texas 75206
Phone: (972) 850-8490
Facsimile: (972) 692-7265
michael@goldmanlawpc.com

**ATTORNEY FOR DEFENDANTS STK DALLAS, LLC AND THE ONE GROUP HOSPITALITY, INC.**

## **CERTIFICATE OF SERVICE**

I certify that a copy of Defendant's Notice of Removal was served on Eric J. Taube who is the attorney in charge for Plaintiff and whose address is listed below by certified U.S. mail and facsimile on July 19, 2017.

Eric J. Taube, Esq.
Waller Lansden Dortch & Davis, LLP
100 Congress Avenue, Suite 1800
Austin, TX 78701
Phone: (512) 685-6401
Facsimile: (512) 685-6417
Eric.Taube@wallerlaw.com

/s/ Michael R. Goldman
Michael R. Goldman