IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WC 1899 MCKINNEY AVENUE, LLC,
    Plaintiff/Counter-Defendant,

-vs-

STK DALLAS, LLC, and THE ONE
GROUP HOSPITALITY, INC.,
    Defendants/Counter-Plaintiffs,

-vs-

WORLD CLASS CAPITAL GROUP, LLC,
NATIN PAUL, and SHEENA PAUL,
    Third-Party Defendants.

CAUSE NO.:
AU-17-CA-00687-SS

**ORDER**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically WC 1899 McKinney Avenue, LLC, World Class Capital Group, LLC, and Natin and Sheena Paul (collectively, World Class)'s Motion to Compel [#78] and STK Dallas, LLC and The One Group Hospitality, Inc. (collectively, STK)'s Response [#80] in opposition. Having reviewed these filings, the governing law, and the case file as a whole, the Court now enters the following opinion and orders.

**Background**

**I.    The Underlying Dispute**

This case concerns lease and guaranty agreements between World Class and STK. STK is a restaurant group that sought to open a restaurant in Dallas, Texas. Towards that end, it leased retail space for its restaurant from World Class. But the retail space did not include onsite parking, and STK was unable to locate sufficient offsite parking to satisfy local rules and regulations mandating minimum parking requirements. Without parking, STK was unable to

open its restaurant. World Class subsequently brought this lawsuit alleging STK breached the lease and guaranty agreements by failing to pay rent. STK responded by asserting counterclaims for breach of contract and fraudulent inducement.

## II. The Instant Discovery Dispute

In October 2018, World Class emailed STK to complain about various deficiencies in STK's document productions. Mot. Compel [#78] at 3–4. In November 2018, STK suggested it would remedy the perceived deficiencies. *Id.* at 3; Resp. [#80] at 2. But a month went by, and STK produced only 46 documents. Mot. Compel [#78] at 4. World Class now files a motion to compel asking the Court to overrule "boilerplate objections" to twenty-seven different requests for production and one interrogatory and to impose sanctions upon STK. *Id.* at 4–33. This motion is ripe for review.

## Analysis

World Class seeks documents and responses relating to World Class's (1) First Set of Requests for Production; (2) Second Set of Requests for Production; and (3) First Set of Interrogatories. *See* Mot. Compel [#78] at 4–32. The Court examines each of these discovery categories in turn.

## I. First Set of Requests for Production

World Class asks the Court to overrule STK's objections to twenty-one requests for production propounded in its First Set of Requests for Production. Mot. Compel [#78] at 4–24. World Class first complains about STK's objections to Requests #1–7 and Requests #9–21, but those same objections make clear that, notwithstanding its asserted objections, STK will produce all responsive documents within its possession, custody, or control that are not privileged or confidential. *Id.* at 5. The Court declines to overrule these objections and doesn't see what

overruling the objections would accomplish anyway, since STK has already agreed to produce the documents. *See* Resp. [#80] at 4 ("[N]o documents or information were withheld on the basis of the objections.").

World Class also complains about STK's objections to Request #8, which seeks all documents and communications related to STK's experience in designing and constructing restaurants and lounges anywhere in the world as well as any documents or communications relating to STK's representations that it was adequately capitalized to carry out its obligations under the lease agreement. *Id.* at 78. STK declined to produce documents in response to this request on the ground that it is so excessive in scope and time as to be overbroad, burdensome, and oppressive. *Id.* STK then offered to meet and confer to discuss limiting the scope of this request to information relevant and material to the claims and defenses at issue in this litigation. *Id.* The Court agrees with STK that Request #8 is overbroad and declines to overrule STK's objection. The parties remain free to meet and confer regarding the scope of the request.

## II.   Second Set of Requests for Production

World Class next asks the Court to overrule STK's objections to six requests for production propounded in its Second Set of Requests for Production. Mot. Compel [#78] at 25–30. Though World Class complains about STK's objections to Requests #1–6, STK's objections specify that it will produce all responsive documents within its possession, custody, or control that are not privileged or confidential in spite of its objections. *Id.* at 5. The Court declines to overrule the objection to this request since STK has already agreed to produce the documents. *See* Resp. [#80] at 4 ("[N]o documents or information were withheld on the basis of the objections.").

## III. First Set of Interrogatories

Finally, World Class complains that STK has not "[i]dentified in detail and with particularity" the damages incurred by STK in attempting to build out its restaurant. Mot. Compel [#78] at 31. Setting aside World Class's alleged failure to meet and confer on this issue, *see* Resp. [#80] at 20–21, the Court denies World Class's motion to compel on this point because STK has already disclosed a breakdown of the damages allegedly incurred in building out its restaurant. *See* Siluk Decl. [#82-3] at 1.

## Conclusion

The Court denies World Class's motion to compel responses and interrogatory answers. The Court also denies World Class's request that the Court order STK to produce various documents described in an email sent to World Class, on the ground that World Class has put forth no argument in support of this request. Finally, the Court denies World Class's unsupported request that the Court order STK to pay World Class's reasonable attorneys' fees and costs incurred in bringing the instant motion to compel.

Accordingly,

IT IS ORDERED that World Class's Motion to Compel [#78] is DENIED.

SIGNED this the 13th day of May 2019.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE